UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-503-GWU

LAWRENCE W. WHITAKER, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Lawrence Whitaker brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

06-503  Whitaker

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

6

such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Whitaker, a 39 year-old former laminator and construction worker, suffered from impairments related to being status post cervical fracture with residuals. (Tr. 17, 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 19, 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional limitation to medium level work restricted from a full range by such non-exertional limitations as (1) an inability to more than occasionally stoop, bend, or climb ladders; (2) an inability to ever crouch; (3) an inability to more than occasionally reach or handle; and (4) a need to avoid exposure to cold, heat or humidity, dust, fumes, smoke, or perfumes. (Tr. 500-501).  In response, Bradford testified that such an individual would not be able to perform medium level work. (Tr. 501).  The witness identified a significant number of light level jobs which could be performed under the terms of the question. (Tr. 502).  Therefore, assuming that the vocational factors considered by Bradford fairly depicted Whitaker's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Whitaker's condition as required by Varley.  Dr. Greg Wheeler, a neurosurgeon at the Spine and Brain Neurosurgical Center, treated Whitaker for his spine and back problems.  The doctor restricted the plaintiff from lifting over 20 pounds in November of 2003.  (Tr. 417).  In February of 2004, the doctor indicated that no further restrictions were necessary and that he could return to normal activities.  (Id.).  The ALJ's findings are fully compatible with the opinion of a treating specialist.  Dr. Gary Higgason (Tr. 444), Dr. Jorge Baez-Garcia (Tr. 445), Dr. Ronald Brown (Tr. 446), and Dr.

8

Parandhamulu Saranga (Tr. 447) all reviewed the record and opined that it did not reveal the existence of a "severe" physical impairment. Finally, such treating and examining sources as the staff at Memorial Hospital (Tr. 257-324, 361-416, 449-453), Dr. Sandish Patil (Tr. 325-347), the staff at Central Baptist Hospital (Tr. 348-360), Dr. Bobby Kidd (Tr. 426-430), the staff at the Clay County Medical Center (Tr. 431-433), Dr. M. Knuckles (Tr. 435-437), Dr. Dana Edwards (Tr. 438-443), and the staff at Marymount Medical Center (Tr. 457-470) did not report the existence of more severe functional limitations than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Dr. Anita Cornett, Whitaker's treating family physician, identified extremely severe physical limitations which would have restricted him from performing the full range of sedentary level work. (Tr. 45-456). The ALJ rejected this opinion as binding because he did not believe that it was well-supported by objective medical data. (Tr. 20). He relied heavily upon the modest findings of Dr. Wheeler and Dr. Kidd. This action would appear appropriate. Dr. Wheeler was also a treating source whose opinion offset that of Dr. Cornett. Dr. Wheeler was a neurosurgical specialist while Dr. Cornett was a family practitioner. The administrative regulations provide that "we generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source

who is not a specialist." 20 C.F.R. Section 404.1527(d)(6). Therefore, the opinion of Dr. Cornett was properly rejected.

Whitaker argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Whitaker was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. In November of 2003, Dr. Wheeler noted that the plaintiff's range of neck motion was normal. (Tr. 420). Range of motion was also normal in the spine. (Id.). Sensation examination was grossly within normal limits. (Id.). Dr. Kidd found no evidence of weakness or muscle atrophy. (Tr. 429). As previously, noted, Dr. Wheeler released the claimant from treatment with no restrictions. (Tr. 417). Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not

06-503 Whitaker

appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Whitaker's pain complaints.

Whitaker argues that the ALJ erred in finding that his education level was that of high school when in fact, he only completed the 8th grade.  The ALJ did make a finding of high school education (Tr. 21) while the plaintiff clearly testified to having left school after the 9th grade (Tr. 484).  However, the vocational expert testified that she had reviewed the case file and heard the plaintiff's testimony.  (Tr. 500).  Thus, Bradford was well aware of the claimant's age, education and work background in responding to the hypothetical question.  Therefore, any error on the part of the ALJ is clearly harmless.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this decision.

This the 21st day of September, 2007.



Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**

11